IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| FRANCISCO TIJERINA | § | |
| v. | § | CIVIL ACTION NO. 5:16cv162 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Francisco Tijerina, a former prisoner of the Federal Correctional Institution in Texarkana, filed this civil action under the Federal Tort Claims Act. Docket No. 1. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is the United States of America.

**I. Background**

Plaintiff states he had heart surgery at Christus St. Michael's Health Center, a hospital in Texarkana, on August 26, 2014. Docket No. 31 at 4. He returned to the prison on September 2, 2014. *Id*.

Two days later, on September 4, 2014, Plaintiff states he complained of dizziness and passed out. *Id*. He explains he had been given an improper dose of a blood thinner called Coumadin by the medical staff at the prison, causing him to suffer low blood pressure and internal bleeding. *Id*. As a result, Plaintiff asserts he had to be rushed back to the hospital for emergency heart surgery. *Id*.

According to Plaintiff, an investigation showed he had been prescribed 2.5 mg of Coumadin but had been given 5 mg. *Id*. He contended the medical staff at the prison did not administer any INR swabs to record his blood, but nonetheless gave him an improper dose of the medication. *Id*. Plaintiff filed an administrative tort claim, but the response stated there was no evidence the

improper dosage of Coumadin caused the symptoms Plaintiff had experienced. Docket No. 1 at 4. Instead, the response claimed the symptoms Plaintiff suffered were complications from his previous surgery and was not caused by the Coumadin overdose. *Id*.

In his federal tort claim, Plaintiff contended "the Defendant United States of America, by and through its agents, servants, and employees, conducted an initial examination of Plaintiff, and said Defendant, by and through its medical agents, servants and employees administered double the prescribed dose of above mentioned prescribed Coumadin by way of orally." Docket No. 1 at 2. As a result, Plaintiff asserted he sustained serious physical injuries, was confined to the hospital for days, and suffered through emergency surgery and emergency life-saving medical intervention. *Id*. at 4. He sought $3 million in damages as well as the costs of suit. *Id*. at 5.

**II. The Government's Motion to Dismiss and the Plaintiff's Reply**

The Government was ordered to answer the lawsuit and filed a motion to dismiss with 388 pages of evidence attached. Docket No. 20. The Court gave Plaintiff notice of intent to construe the motion as one for summary judgment and gave Plaintiff an opportunity to respond, which he did. Docket No. 24. The motion to dismiss or for summary judgment argued any negligent act in this case was not committed by an employee of the Federal Bureau of Prisons, but by an employee of Christus St. Michaels Hospital who incorrectly told a Bureau of Prisons nurse the prescription was for 5 mg of Coumadin rather than for 2.5 mg. Docket No. 20. The Government also maintained, according to the summary judgment evidence, Plaintiff returned to the hospital with a pericardial effusion and pleural effusion, but these were not caused by receiving a two-day dosage of excessive Coumadin. *Id*.

Plaintiff's response to the motion to dismiss or for summary judgment acknowledged his filing under the Federal Tort Claims Act was incorrect and sought leave to amend to set out a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Docket No. 24 at 4. In its reply, the Government asserted Plaintiff's attempt to amend to add a *Bivens* claim was futile because Plaintiff failed to exhaust the administrative remedies available for *Bivens* claims, the attempt to amend was untimely, and Plaintiff did not identify any

employee of the Federal Bureau of Prisons who violated his rights.  Docket No. 27.

**III. The Report of the Magistrate Judge**

After review of the pleadings, the Magistrate Judge issued a Report construing the Government's motion to dismiss as a motion for summary judgment and recommending this motion be granted.  Docket No. 29 at 14.  The Magistrate Judge explained that under the Federal Tort Claims Act, the United States is liable for the acts of its employees only under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Cleveland ex rel. Cleveland v. U.S.*, 457 F.3d 397, 403 (5th Cir. 2006). Here, Plaintiff complains of an act of alleged medical malpractice which occurred in Texas.  Under Texas law, a medical malpractice claimant must prove four elements: (1) a duty by the medical provider to act according to a certain standard; (2) a breach of the applicable standard of care; (3) injury or harm to the plaintiff; and (4) a causal connection between the breach of the applicable standard of care and the injury or harm. *Coronel v. Providence Imaging Consultants, P.A.*, 484 S.W.3d 635, 638 (Tex. App. 2016), *review denied* (June 9, 2017).

After assuming, without deciding, expert testimony would not be required to establish the applicable standard of care with regard to giving the proper dose of medication, the Magistrate Judge determined there was no evidence the Bureau of Prisons nurse breached this standard.  Docket No. 29 at 6.  Plaintiff offered no evidence of the standard of care applicable to nurses and failed to show the nurse's action in accepting the information she received from the hospital staff without double-checking or verifying the dosage violated this standard of care. *Id*. at 7.  Because the summary judgment evidence showed the negligent act was not committed by an employee of the Government, the Magistrate Judge concluded the Court lacked subject matter jurisdiction over a claim under the Federal Tort Claims Act. *Id*.

Even assuming the Bureau of Prisons nurse was negligent, despite the absence of any evidence to support this, the Magistrate Judge went on to state Plaintiff failed to show he suffered an injury which was proximately caused by a breach of the applicable standard of care. *Id*. at 8.  In

this case, the Magistrate Judge observed that none of the medical records contained any indication that Plaintiff's readmission to the hospital was the result of a two-day Coumadin overdose. *Id*. He did not display any of the common symptoms of Coumadin toxicity and was not treated for Coumadin toxicity, and the summary judgment evidence showed that the pericardial effusion and pleural effusion for which Plaintiff was treated upon his return to the hospital was not caused by the Coumadin overdose. *Id*. at 9.

With regard to Plaintiff's request to amend his complaint, the Magistrate Judge observed the Federal Bureau of Prisons has separate and distinct avenues for exhausting Federal Tort Claims Act claims and *Bivens* claims. *See Lopez-Heredia v. University of Texas Med. Branch Hosp.*, 240 F.App'x 646 (5th Cir. 2007), *citing* 28 U.S.C. §§543.30–543.32. The summary judgment evidence showed that Plaintiff did not exhaust his administrative remedies applicable to *Bivens* claims, and the Magistrate Judge determined that this made Plaintiff's request to add a *Bivens* claim futile. Docket No. 29 at 11. The Magistrate Judge also stated that an amendment to add a *Bivens* claim would be futile because Plaintiff's allegations, taken as true, did not support a constitutional claim of deliberate indifference as would be required to prevail in a *Bivens* claim. *Id*. The Magistrate Judge therefore recommended the Government's motion to dismiss, construed as a motion for summary judgment, be granted and the lawsuit dismissed with prejudice, and Plaintiff's motion for leave to amend his complaint be denied without prejudice. *Id*. at 13–14.

### IV. The Objections to the Magistrate Judge's Report

Both the Government and the Plaintiff filed objections to the Report of the Magistrate Judge. Docket Nos. 30, 31. The Government's objections asserted Plaintiff's motion for leave to amend should be denied with prejudice rather than without prejudice, but stated the Magistrate Judge's Report was otherwise correct. Docket No. 30.

Plaintiff's objections maintained the negligent act was committed by the Bureau of Prisons nurse because she did not read the written orders as required, but "took the verbal guess as a fact." Docket No. 31 at 1. He contends the Bureau of Prisons medical staff had the duty to make sure the medication they were issuing was in fact the medication prescribed at the correct dosage, which

the nurse failed to do. *Id*. Plaintiff asserts this duty stems from the law requiring prisoners receive "adequate medical care," which he defines as "the same type of care he would have gotten had he been a free man." *Id*.

Plaintiff further argues this breach of duty created deliberate indifference to his medical condition, stating "that standard is well established and proven in this case." *Id*. at 2. He points to a copy of Administrative Tort Claim no. TRT-SCR-2015-05932, stating this tort claim gives him authority to proceed in federal court. *Id*.

Plaintiff further refers to the Bureau of Prisons Program Statement no. 6031.10, which he claims reflects established law and practice.[1] *Id*. He contends his claims are within the scope and intent of the law as well as the Eighth Amendment. *Id*. Plaintiff argues it is the duty of the Bureau of Prisons to ensure the laws are not violated and prisoners are protected by them. *Id*.

## V. Discussion

The Government contends it is impossible for Tijerina to exhaust his administrative remedies because the time has expired for him to do so, and the statute of limitations has expired for bringing a *Bivens* claim. Docket No. 30 at 3. Thus, the Government maintains the denial of his motion for leave to amend should be with prejudice rather than without prejudice. *Id*. at 4. While perhaps unlikely, the Court is unwilling to foreclose the possibility of an equitable tolling claim. The Magistrate Judge properly recommended denial of the motion for leave to amend without prejudice.

In his objections, Plaintiff argues the applicable standard of care gave the Bureau of Prisons medical staff a duty to ensure the medication being issued to him was in fact the medication

---

[1] There is no "Program Statement 6031.10" in the record, nor on the Federal Bureau of Prisons website. Program Statement 6031.04 sets out general policies and procedures for providing medical care to prisoners. This program statement includes an objective reading "health care will be delivered to inmates in accordance with proven standards of care without compromising public safety concerns inherent to the agency's overall mission." *See* https://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=6000. The program statements of the Federal Bureau of Prisons do not themselves give rise to private causes of action. *Joost v. Cornell Corr., Inc.*, No. 97-512T, 1998 WL 939531 (D.R.I., Dec. 11, 1998) (Bureau of Prisons regulations and program statements neither expressly nor impliedly confer a private right of action upon prisoners), *citing Harper v. Williford*, 96 F.3d 1526, 1528 (D.C. Cir. 1996).

prescribed at the proper dosage. Docket No. 31 at 1. He offered no evidence showing the applicable standard of care, but simply argued what he believed this standard should be.

Plaintiff's conclusory assertions concerning the applicable standard of care are insufficient to defeat the Defendant's motion for summary judgment. *See, e.g.*, *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1020 (5th Cir. 1993); *Kennedy v. United States*, 264 F.3d 1142, 2001 WL 822793 (5th Cir. 2001) (conclusory assertions of negligence in a Federal Tort Claims Act case cannot carry the plaintiff's summary judgment burden); *accord*, *Paulino v. United States*, 2009 WL 2996678 (E.D. Tex. Sept. 15, 2009) (plaintiff's conclusory opinion that the care he received fell below the appropriate standard of care was not sufficient). Plaintiff's objection in this regard is without merit.

Even assuming Plaintiff adequately pleaded the applicable standard of care, the Magistrate Judge correctly concluded Plaintiff failed to show any injuries which were proximately caused by a breach of this standard of care. In a medical malpractice case, plaintiffs are required to present evidence of a reasonable medical probability that their injuries were proximately caused by the negligence of one or more of the Defendants; thus, a plaintiff must show the negligent act or omission was a substantial factor in bringing about the harm and without which the harm would not have occurred. *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397, 400 (Tex. 1993).

The summary judgment evidence showed Plaintiff suffered a pericardial effusion and pleural effusion and had to go back to the hospital, but there was no evidence this was caused by the two-day Coumadin overdose. He exhibited none of the symptoms of Coumadin toxicity and was not treated for such a condition; rather, the summary judgment evidence indicated the effusions were complications arising from the surgery which were unrelated to the Coumadin overdose. The Magistrate Judge correctly determined there was no showing of proximate cause between the Coumadin overdose and the pericardial and pleural effusions, and Plaintiff did not lodge a specific objection to this proposed finding and conclusion. *See Battle v. U.S. Parole Commission*, 834 F.2d

419, 421 (5th Cir. 1987) (parties filing objections must specifically identify those findings objected to, and frivolous, conclusive, or general objections need not be considered by the district court). Because Plaintiff failed to satisfy the requirement of proximate cause, his claim under the Federal Tort Claims Act cannot survive the Government's motion for summary judgment regardless of whether the allegedly negligent act was committed by an employee of Christus St. Michaels Hospital or a Bureau of Prisons nurse.

The Fifth Circuit has recently upheld the dismissal of a prisoner's medical negligence claim under the Federal Tort Claims Act, explaining "with regard to Blank's remaining medical malpractice claims, the district court did not err in granting summary judgment given Blank's failure to provide expert testimony [on the essential elements of standard of care, breach, causation, and damages] as required by the relevant medical malpractice laws of Louisiana and Texas." *Blank v. United States*, No. 17-10024, 2018 WL 1151792 (5th Cir. March 2, 2018). Like Blank, Plaintiff has proffered no expert evidence or testimony concerning the elements of standard of care, breach, causation, or damages.

Finally, Plaintiff asserts he has filed an administrative tort claim, giving him authority to proceed in federal court. Docket No. 31 at 2. This appears to be a response to the Magistrate Judge's conclusion that he has not exhausted his administrative remedies with regard to a *Bivens* claim. As the Magistrate Judge correctly explained, Plaintiff's tort claim exhausted his administrative remedies for purposes of the Federal Tort Claims Act, but not for purposes of a *Bivens* claim. Docket No. 29 at 13. Plaintiff does not contend and the summary judgment evidence does not show he exhausted the Bureau of Prison's grievance procedure as would be required to bring a claim under *Bivens*. *See Lopez-Heredia*, 240 F.App'x at 647 (Bureau of Prisons' Federal Tort Claims Act claims procedure is separate from the administrative remedies procedure); *Lambert v. United States*, 198 F.App'x 835, 2006 WL 2468533 (11th Cir. 2006). Plaintiff's objections are without merit.

**VI. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's

proposed findings and recommendations to which the parties objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the parties' objections are without merit. It is accordingly

**ORDERED** the objections of the Plaintiff and the Defendant are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 29) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Defendant's Motion to Dismiss (Docket No. 20), construed as a motion for summary judgment, is **GRANTED** and the above-styled civil action under the Federal Tort Claims Act is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** the Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 25) is **DENIED WITHOUT PREJUDICE** to Plaintiff's right to file a new lawsuit raising his *Bivens* claims in the event he is able to exhaust his available administrative remedies. The Court offers no opinion as to the effect, if any, of the statute of limitations with regard to any new lawsuit Plaintiff may file on this issue. It is further

**ORDERED** any and all other motions which may be pending in this civil action are **DENIED**.

  **SIGNED this 27th day of March, 2018.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE